1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  BRIAN W. CARVER (CSB NO. 244878)
   *bcarver@fenwick.com*
3  FENWICK & WEST LLP
   555 California Street, 12th floor
4  San Francisco, CA  94104
   Telephone:  (415) 875-2300
5  Facsimile:   (415) 281-1350

   LAWRENCE TOWNSEND (CSB NO. 88184)
   LAW OFFICES OF LAWRENCE TOWNSEND
   455 Market Street, 19th Floor
   San Francisco, California 94105
   Telephone:  (415) 882-3288
   Facsimile:   (415) 882-3299
   E-Mail:       *ltownsend@owe.com*

   Attorney for Defendant
   MOBILETOYS, INC.

6  Attorneys for Plaintiff
   CORBIS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORBIS CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOBILETOYS, INC., a Delaware corporation,<br><br>Defendant. | Case No.  07-05910-JW (RS)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT** |

The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order, and Rule 26(f) Report, and request the Court to adopt those portions on which the parties agree as its Case Management Order in this case. To the extent that the parties have not reached agreement, those portions are identified below.

1. **Jurisdiction and Service**:

**Plaintiff's Contentions**: Plaintiff asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (copyright). Plaintiff asserts that the Northern District of California is the proper venue under 28 U.S.C. § 1400(a). Defendant has answered and waived any argument based on personal jurisdiction. Defendant ignores the fact that each of Plaintiff's claims (for copyright infringement and for violation of the DMCA) independently provides federal question, and hence subject matter jurisdiction.

**Defendant's Contentions**: Defendant answered and pleaded as an affirmative defense lack of personal jurisdiction. As to subject matter jurisdiction, Plaintiff has alleged that Defendant accessed Plaintiff's website and downloaded images from there. Plaintiff's website contains a "Site Usage Agreement" that Plaintiff contends is enforceable. The latter agreement contains terms and conditions for all the uses made that are the subject of this action. Hence, there is no copyright action, only a contract claim, and therefore there is no subject matter jurisdiction.

2. **Facts**:

   a. **Plaintiff's Statement**

Corbis Corporation ("Corbis") is a leading visual-solutions provider, licensing images for use by publishers, advertisers, design agencies, filmmakers and other creative professionals. Corbis' complaint alleges that at least sixteen images from the Corbis collections were misappropriated and used by Defendant MobileToys, Inc. ("MobileToys") in at least two hundred instances, without license or permission—contrary to the rights of Corbis and of the photographers that Corbis represents. The complaint alleges that such images were reproduced, displayed, distributed, and otherwise misused—in pursuit of profit—on Defendant's websites www.mobiletoys.net and www.soundsolutionscorp.com ("MobileToys Websites") without

JOINT CASE MANAGEMENT STATEMENT    2    CASE NO. 07-05910-JW (RS)

payment of compensation to Corbis for their use.

Attempts to informally resolve this matter through numerous letters and telephone calls failed to achieve a settlement, and thus this action for copyright infringement and removal or alteration of copyright management information was brought. Attached as Exhibit A to the complaint is a representative, non-exhaustive sample of true and correct copies of presently known Corbis images, registered with the Copyright Office ("Corbis Images"), with screen shots taken from the MobileToys Websites depicting some of Defendant's alleged unauthorized uses of the Corbis Images. Attached as Exhibit B to the complaint is a chart identifying the United States Copyright Office registration certificate numbers and registration dates for the Corbis Images displayed in Exhibit A.

  **b. Defendant's Statement**

Defendant hired a professional independent contractor, RD Designs, to create its website. The site had been up for three years when Defendant received notice from Plaintiff that it claimed copyright infringement of the subject images. This being the first notice to Defendant, the images were immediately taken down. If anything, Defendant is an innocent infringer.

**3. Legal Issues**: The following legal issues are in dispute:

- Whether the actions and conduct of Defendant directly, contributorily, and/or vicariously infringe the exclusive rights of Corbis granted by Section 106 of the Copyright Act to display, reproduce, distribute and create derivative works based on Corbis' registered copyrighted works.
- Whether the actions and conduct of Defendant constitute a violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b) (removal or alteration of copyright management information).
- Whether Corbis is entitled to an award of Defendant's profits and for damages in such amount as may be found, or for statutory damages of (a) not less than $750 or more than $30,000 per image pursuant to 17 U.S.C. § 504(c)(1) or, upon a finding of willful infringement pursuant to 17 U.S.C. § 504(c)(2), up to $150,000 per image, and (b) not less than $2,500 or more than $25,000 per image pursuant to 17 U.S.C.

§ 1203(c)(3)(B); and to an award of full costs pursuant to 17 U.S.C. §§ 505 and 1203(b)(4); and to an award of reasonable attorneys' fees, pursuant to 17 U.S.C. §§ 505 and 1203(b)(5); and to an award of prejudgment interest on the amount of any award to Plaintiff and for such other and further relief as the Court deems just and equitable.

- Whether the Court has subject matter jurisdiction.
- Whether Plaintiff's claim is barred by laches.
- Whether Plaintiff's claim is barred by the doctrines of waiver, estoppel, consent or ratification.
- Whether Defendant is an innocent infringer.

**4.    Motions**: No motions are presently pending.  If the case does not settle before or through the Court-ordered mediation, the Parties anticipate that they may file summary judgment motions, and discovery motions if necessary.  If not through summary judgment, Defendant reserves the right to challenge jurisdiction through another motion.

**5.    Amendment of Pleadings**: The parties do not anticipate that the pleadings will be further amended, with the possible exception of the addition of other images misused by Defendant as may be located in discovery, but request that the last day to amend the pleadings be set for 14 days after completion of mediation.

**6.    Evidence Preservation**: The parties have suspended any document destruction policies or procedures to the extent any exist, and have represented that they are in compliance with evidence preservation requirements.

**7.    Disclosures**: The parties have not yet exchanged Initial Disclosures and propose that such disclosures shall be completed not later than 14 days from the completion of mediation. The Parties will discuss language for a stipulated protective order, pursuant to which confidential information can be produced, if necessary.

**8.    Discovery**: If the Parties are unable to resolve the dispute by the date of their court-ordered mediation, Plaintiff believes formal discovery should commence thereafter and that fact discovery could be completed within 3 months.  Defendant believes that some paper

JOINT CASE MANAGEMENT STATEMENT         4                    CASE NO.  07-05910-JW (RS)

discovery is needed to have meaningful mediation discussions. The Parties anticipate entering into a Stipulated Protective Order Regarding Confidentiality upon commencement of formal discovery.

**9. Class Actions**: This matter is not a class action.

**10. Related Cases**: There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body

**11. Relief**:

Plaintiff seeks an award of Defendant's profits and for damages in such amount as may be found, or for statutory damages of (a) not less than $750 or more than $30,000 per image pursuant to 17 U.S.C. § 504(c)(1) or, upon a finding of willful infringement pursuant to 17 U.S.C. § 504(c)(2), up to $150,000 per image, and (b) not less than $2,500 or more than $25,000 per image pursuant to 17 U.S.C. § 1203(c)(3)(B); and to an award of full costs pursuant to 17 U.S.C. §§ 505 and 1203(b)(4); and to an award of reasonable attorneys' fees, pursuant to 17 U.S.C. §§ 505 and 1203(b)(5); and to an award of prejudgment interest on the amount of any award to Plaintiff and for such other and further relief as the Court deems just and equitable..

Defendant seeks a denial of all relief sought.

**12. Settlement and ADR**: This Court's March 29, 2008 Order directed the parties to mediation. The parties are scheduled to confer with the ADR Unit on Monday, April 7, to see if agreement can be reached on whether to go to private mediation or mediation through the Court's panel of mediators. Plaintiff is willing to schedule mediation within 45 days of the Court's March 29, 2008 Order and has requested that Defendant provide voluntary disclosure as to Defendant's capacity to satisfy any judgment at least five court days prior to the scheduled mediation.

**13. Consent to Magistrate Judge For All Purposes**: Plaintiff consents to the referral Judge for this matter, Magistrate Judge Seeborg, as the Judge for all purposes. Defendant does not consent.

**14. Other References**: The case is not suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**: Plaintiff believes that the issues remaining for trial may be

JOINT CASE MANAGEMENT STATEMENT     5     CASE NO. 07-05910-JW (RS)

narrowed by summary judgment motions as to liability, and Defendant believes if the motion challenging subject matter jurisdiction does not eliminate jurisdiction in its entirety, it will narrow the issues for trial.

**16.     Expedited Schedule**: The parties do not anticipate that the case can be handled on an expedited basis.

**17.     Scheduling**: Plaintiff proposes the following (and Defendant's proposal is in parentheses):

- Plaintiff proposes discovery commence after mediation (Defendant does not);;
- All fact discovery to be completed within 90 days of completion of mediation;
- Experts will be identified within 10 days after completion of fact discovery and any rebuttal experts be identified within 20 days thereafter;
- Expert(s)' report(s) shall be due upon their designation ;
- All expert depositions will be completed within 40 days from the close of fact discovery;
- Dispositive motions served no later than 45 days from the close of fact discovery;
- Pre-trial conference to be held no later than 90 days from the close of discovery; and
- Trial to commence 14 days after the pre-trial conference.

**18.     Trial**: The case will be tried to a jury. Plaintiff expects the trial to last 3 court days, and Defendant belives it will be closer to 5.

**19.     Disclosure of Non-Party Interested Entities or Person**:

Plaintiff filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16 indicating interested entities: Corbis Holdings, Inc., the privately-held parent corporation of Corbis Corporation.

Defendant filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16 indicating that, other than the named parties, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities who are interested entities.

**20.     Additional Matters**: The parties are not aware of any additional matters relating to the disposition of this case that can be brought to the Court's attention at this time.

| | | |
|---|---|---|
| Dated: | April 5, 2008 | FENWICK & WEST LLP |

By:  /s/ Brian W. Carver
        Brian W. Carver

Attorneys for Plaintiff
CORBIS CORPORATION

Dated:    April 5, 2008           LAW OFFICES OF LAWRENCE TOWNSEND

By:  /s/ Lawrence Townsend
        Lawrence Townsend

Attorney for Defendant
MOBILETOYS, INC.

Pursuant to General Order No. 45, Section X.B., I hereby attest that I have obtained concurrence of the signatory, Lawrence Townsend, indicated by a "conformed" signature (/s/) within this efiled document.

By:  /s/ Brian W. Carver
        Brian W. Carver

## [PROPOSED] ORDER

The foregoing joint statement is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

**IT IS SO ORDERED**.

Dated: April ___, 2008           By: _____
        The Honorable James Ware
        United States District Court Judge

23819/00413/LIT/1283246.5