1   LAURENCE F. PULGRAM (CSB NO. 115163)
    *lpulgram@fenwick.com*
2   BRIAN W. CARVER (CSB NO. 244878)
    *bcarver@fenwick.com*
3   FENWICK & WEST LLP
    555 California Street, 12th floor
4   San Francisco, CA  94104
    Telephone:   (415) 875-2300
5   Facsimile:   (415) 281-1350

6   Attorneys for Plaintiff
    CORBIS, INC.

    LAWRENCE TOWNSEND (CSB NO. 88184)
    LAW OFFICES OF LAWRENCE TOWNSEND
    455 Market Street, 19th Floor
    San Francisco, California 94105
    Telephone:      (415) 882-3288
    Facsimile:      (415) 882-3299
    E-Mail: ltownsend@owe.com

    Attorney for Defendant
    MOBILETOYS, INC

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11   CORBIS CORPORATION, a Nevada          Case No.  07-05910-JW (RS)
     corporation,
12                                         **STIPULATED PROTECTIVE ORDER**
13                    Plaintiff,

14        v.

15   MOBILETOYS, INC., a Delaware
     corporation,
16
                      Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1      2.6      Producing Party:  a Party or non-party that produces Disclosure or Discovery

2  Material in this action.

3      2.7      Designating Party:  a Party or non-party that designates information or items that it

4  produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential —

5  Attorneys' Eyes Only."

6      2.8      Protected Material:  any Disclosure or Discovery Material that is designated as

7  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

8      2.9      Outside Counsel:  attorneys who are not employees of a Party but who are retained

9  to represent or advise a Party in this action.

10      2.10      House Counsel:  attorneys who are employees of a Party.

11      2.11      Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their

12  support staffs).

13      2.12      Expert:  a person with specialized knowledge or experience in a matter pertinent to

14  the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

15  consultant in this action and who is not a past or a current employee of a Party or of a competitor

16  of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party

17  or a competitor of a Party's. This definition includes a professional jury or trial consultant

18  retained in connection with this litigation.

19      2.13      Professional Vendors:  persons or entities that provide litigation support services

20  (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

21  storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

22  3.      SCOPE

23      The protections conferred by this Stipulation and Order cover not only Protected Material

24  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

25  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

26  parties or counsel to or in court or in other settings that might reveal Protected Material.

27  4.      DURATION

28      Even after the termination of this litigation, the confidentiality obligations imposed by this

STIPULATED PROTECTIVE ORDER              3              CASE NO.  07-05910-JW (RS)

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

2  otherwise directs.

3  5.    DESIGNATING PROTECTED MATERIAL

4        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

5  or non-party that designates information or items for protection under this Order must take care to

6  limit any such designation to specific material that qualifies under the appropriate standards. A

7  Designating Party must take care to designate for protection only those parts of material,

8  documents, items, or oral or written communications that qualify — so that other portions of the

9  material, documents, items, or communications for which protection is not warranted are not

10  swept unjustifiably within the ambit of this Order.

11        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

12  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

13  unnecessarily encumber or retard the case development process, or to impose unnecessary

14  expenses and burdens on other parties), expose the Designating Party to sanctions.

15        If it comes to a Party's or a non-party's attention that information or items that it

16  designated for protection do not qualify for protection at all, or do not qualify for the level of

17  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

18  withdrawing the mistaken designation.

19        5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

20  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

21  material that qualifies for protection under this Order must be clearly so designated before the

22  material is disclosed or produced.

23        Designation in conformity with this Order requires:

24        (a)    for information in documentary form (apart from transcripts of depositions

25  or other pretrial or trial proceedings), that the Producing Party affix the legend

26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the

27  top or bottom of each page that contains protected material. If only a portion or portions of the

28  material on a page qualifies for protection, the Producing Party also must clearly identify the

STIPULATED PROTECTIVE ORDER        4        CASE NO.  07-05910-JW (RS)

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

2    each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

3    CONFIDENTIAL — ATTORNEYS' EYES ONLY").

4          A Party or non-party that makes original documents or materials available for inspection

5    need not designate them for protection until after the inspecting Party has indicated which

6    material it would like copied and produced. During the inspection and before the designation, all

7    of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL —

8    ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

9    copied and produced, the Producing Party must determine which documents, or portions thereof,

10   qualify for protection under this Order, then, before producing the specified documents, the

11   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

12   CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top of each page that contains

13   Protected Material. If only a portion or portions of the material on a page qualifies for protection,

14   the Producing Party also must clearly identify the protected portion(s) (e.g., by making

15   appropriate markings in the margins) and must specify, for each portion, the level of protection

16   being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

17   EYES ONLY").

18          (b)    for testimony given in deposition or in other pretrial or trial proceedings,

19   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

20   close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

21   any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS'

22   EYES ONLY." When it is impractical to identify separately each portion of testimony that is

23   entitled to protection, and when it appears that substantial portions of the testimony may qualify

24   for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

25   the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

26   identify the specific portions of the testimony as to which protection is sought and to specify the

27   level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

28   ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  designated for protection within the 20 days shall be covered by the provisions of this Stipulated

2  Protective Order.

3  Transcript pages containing Protected Material must be separately bound by the court

4  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

5  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or

6  non-party offering or sponsoring the witness or presenting the testimony.

7  (c)  for information produced in some form other than documentary, and for

8  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

9  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

10  or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the

11  information or item warrant protection, the Producing Party, to the extent practicable, shall

12  identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

13  Confidential — Attorneys' Eyes Only."

14  5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

15  designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys'

16  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

17  under this Order for such material. If material is appropriately designated as "Confidential" or

18  "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the

19  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

20  that the material is treated in accordance with the provisions of this Order.

21  6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

22  6.1  Timing of Challenges.  Unless a prompt challenge to a Designating Party's

23  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

24  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

25  waive its right to challenge a confidentiality designation by electing not to mount a challenge

26  promptly after the original designation is disclosed.

27  6.2  Meet and Confer.  A Party that elects to initiate a challenge to a Designating

28  Party's confidentiality designation must do so in good faith and must begin the process by

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

2  with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

3  for its belief that the confidentiality designation was not proper and must give the Designating

4  Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

5  change in designation is offered, to explain the basis for the chosen designation. A challenging

6  Party may proceed to the next stage of the challenge process only if it has engaged in this meet

7  and confer process first.

8      6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

9  designation after considering the justification offered by the Designating Party may file and serve

10  a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

11  that identifies the challenged material and sets forth in detail the basis for the challenge. Each

12  such motion must be accompanied by a competent declaration that affirms that the movant has

13  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

14  forth with specificity the justification for the confidentiality designation that was given by the

15  Designating Party in the meet and confer dialogue.

16      The burden of persuasion in any such challenge proceeding shall be on the Designating

17  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

18  question the level of protection to which it is entitled under the Producing Party's designation.

19  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

20      7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed

21  or produced by another Party or by a non-party in connection with this case only for prosecuting,

22  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

23  the categories of persons and under the conditions described in this Order. When the litigation has

24  been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

25  DISPOSITION).

26      Protected Material must be stored and maintained by a Receiving Party at a location and

27  in a secure manner that ensures that access is limited to the persons authorized under this Order.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

STIPULATED PROTECTIVE ORDER            7            CASE NO.  07-05910-JW (RS)

1    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

2    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

3    disclose any information or item designated CONFIDENTIAL only to:

4        (a)    the Receiving Party's Outside Counsel of record in this action, as well as

5    employees of said Counsel to whom it is reasonably necessary to disclose the information for this

6    litigation;

7        (b)    the officers, directors, and employees (including House Counsel) of the

8    Receiving Party to whom disclosure is reasonably necessary for this litigation;

9        (c)    experts (as defined in this Order) of the Receiving Party to whom

10    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

11    Bound by Protective Order" (Exhibit A);

12        (d)    the Court and its personnel;

13        (e)    court reporters, their staffs, and professional vendors to whom disclosure is

14    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

15    Protective Order" (Exhibit A);

16        (f)    during their depositions, witnesses in the action to whom disclosure is

17    reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

18    (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

19    Protected Material must be separately bound by the court reporter and may not be disclosed to

20    anyone except as permitted under this Stipulated Protective Order.

21        (g)    the author of the document or the original source of the information.

22    7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

23    Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

24    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

25    CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

26        (a)    the Receiving Party's Outside Counsel of record in this action, as well as

27    employees of said Counsel to whom it is reasonably necessary to disclose the information for this

28    litigation;

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1        (b)    House Counsel of a Receiving Party (1) to whom disclosure is reasonably

2    necessary for this litigation, and (2) who has signed the "Agreement to Be Bound by Protective

3    Order" (Exhibit A);

4        (c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

5    necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

6    Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have

7    been followed;

8        (d)    the Court and its personnel;

9        (e)    court reporters, their staffs, and professional vendors to whom disclosure is

10    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

11    Protective Order" (Exhibit A); and

12        (f)    the author of the document or the original source of the information.

13    7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL —

14    ATTORNEYS' EYES ONLY" Information or Items to "Experts"

15        (a)    Unless otherwise ordered by the court or agreed in writing by the

16    Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

17    information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS'

18    EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

19    specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

20    disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

21    primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

22    current employer(s), (5) identifies each person or entity from whom the Expert has received

23    compensation for work in his or her areas of expertise or to whom the expert has provided

24    professional services at any time during the preceding five years, and (6) identifies (by name and

25    number of the case, filing date, and location of court) any litigation in connection with which the

26    Expert has provided any professional services during the preceding five years.

27        (b)    A Party that makes a request and provides the information specified in the

28    preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   within seven court days of delivering the request, the Party receives a written objection from the

2   Designating Party. Any such objection must set forth in detail the grounds on which it is based.

3           (c)     A Party that receives a timely written objection must meet and confer with

4   the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

5   agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

6   file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

7   applicable) seeking permission from the court to do so. Any such motion must describe the

8   circumstances with specificity, set forth in detail the reasons for which the disclosure to the

9   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

10  suggest any additional means that might be used to reduce that risk. In addition, any such motion

11  must be accompanied by a competent declaration in which the movant describes the parties'

12  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

13  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

14  approve the disclosure.

15          In any such proceeding the Party opposing disclosure to the Expert shall bear the burden

16  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

17  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

18  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

19  LITIGATION.

20          If a Receiving Party is served with a subpoena or an order issued in other litigation that

21  would compel disclosure of any information or items designated in this action as

22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the

23  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

24  and in no event more than three court days after receiving the subpoena or order. Such

25  notification must include a copy of the subpoena or court order.

26          The Receiving Party also must immediately inform in writing the Party who caused the

27  subpoena or order to issue in the other litigation that some or all the material covered by the

28  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

2  caused the subpoena or order to issue.

3       The purpose of imposing these duties is to alert the interested parties to the existence of

4  this Protective Order and to afford the Designating Party in this case an opportunity to try to

5  protect its confidentiality interests in the court from which the subpoena or order issued. The

6  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

7  confidential material — and nothing in these provisions should be construed as authorizing or

8  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9  9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

11  Material to any person or in any circumstance not authorized under this Stipulated Protective

12  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

13  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

14  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

15  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

16  Be Bound" that is attached hereto as Exhibit A.

17  10.   FILING PROTECTED MATERIAL.  Without written permission from the Designating

18  Party or a court order secured after appropriate notice to all interested persons, a Party may not

19  file in the public record in this action any Protected Material. A Party that seeks to file under seal

20  any Protected Material must comply with Civil Local Rule 79-5.

21  11.   FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing

22  Party, within sixty days after the final termination of this action, each Receiving Party must return

23  all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material"

24  includes all copies, abstracts, compilations, summaries or any other form of reproducing or

25  capturing any of the Protected Material. With permission in writing from the Designating Party,

26  the Receiving Party may destroy some or all of the Protected Material instead of returning it.

27  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

28  written certification to the Producing Party (and, if not the same person or entity, to the

STIPULATED PROTECTIVE ORDER          11          CASE NO.  07-05910-JW (RS)

1   Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

2   the Protected Material that was returned or destroyed and that affirms that the Receiving Party has

3   not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

4   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

5   retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

6   correspondence or attorney work product, even if such materials contain Protected Material. Any

7   such archival copies that contain or constitute Protected Material remain subject to this Protective

8   Order as set forth in Section 4 (DURATION), above.

9   12.    MISCELLANEOUS

10       12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

11   seek its modification by the Court in the future.

12       12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

13   Order no Party waives any right it otherwise would have to object to disclosing or producing any

14   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

15   Party waives any right to object on any ground to use in evidence of any of the material covered

16   by this Protective Order.

17       12.3    Inadvertent Production: Inadvertent or unintentional production of documents

18   (including physical objects) subject to work product immunity, the attorney-client privilege, the

19   right of privacy, or any other applicable privilege, shall not constitute a waiver of the immunity or

20   privilege, provided that the Designating Party shall notify the Receiving Party in writing of such

21   inadvertent production promptly after the Designating Party discovers such inadvertent

22   production.  After notification is made, the Receiving Party shall immediately return to the

23   Designating Party all copies of such inadvertently produced documents and shall immediately

24   confirm in writing that all electronic copies have been deleted or destroyed.  A Receiving Party

25   shall not refuse a written request for the immediate return of such inadvertently produced

26   documents on any basis.  However, nothing herein shall prevent the Receiving Party from

27   challenging the propriety of the privilege or immunity designation by promptly filing an

28   appropriate motion with the Court, but the Receiving Party shall not challenge the propriety of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    privilege or immunity designation on the grounds that the privilege or immunity was waived by

2    production of the document.  Unless such a challenge is successful, no use shall be made of such

3    documents during deposition or trial, nor shall they be shown to anyone who was not given access

4    to them prior to the request to return or destroy such documents.  Furthermore, if no such

5    challenge is brought, or if any such challenge is unsuccessful, the Receiving Party shall promptly

6    confirm in writing that any analyses, memoranda, or notes which were internally generated based

7    upon such inadvertently produced information have been deleted and/or destroyed.

8    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9    Dated:      July 7, 2008                              FENWICK & WEST LLP

10

11                                                              By:          /s/ Brian W. Carver
                                                                       Brian W. Carver

12                                                           Attorneys for Plaintiff
13                                                           CORBIS CORPORATION

14   Dated:      July 7, 2008                              LAW OFFICES OF LAWRENCE TOWNSEND

15                                                              By:          /s/ Lawrence Townsend
16                                                                     Lawrence Townsend

17                                                           Attorney for Defendant
                                                             MOBILETOYS, INC.
18

19   Pursuant to General Order No. 45, Section X.B., I hereby attest that I have obtained

20   concurrence of the signatory, Lawrence Townsend, indicated by a "conformed" signature (/s/)

21   within this efiled document.

22                                                              By:          /s/ Brian W. Carver
                                                                       Brian W. Carver
23   PURSUANT TO STIPULATION, IT IS **SO ORDERED**.

24

25

26   Dated: July ___, 2008                              By:
                                                             The Honorable James Ware
27                                                           United States District Court Judge

28   23819/00413/LIT/1287808.3

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW